IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

---

BRIAN NAUMAN,

        Petitioner,

vs.

STATE OF MONTANA and
SHERIFF/WARDEN CASTLE,

        Respondents.

Cause No. CV 05-43-M-DWM-JCL

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE

---

On March 29, 2005, Petitioner Brian Nauman filed this action seeking a writ of habeas corpus. Nauman is a state prisoner proceeding pro se.

On March 6, 2006, Nauman was ordered to file a brief showing an excuse for his procedural default of his claims in state court and showing cause why the federal statute of limitations should not bar his petition. He responded on March 17, 2006. He supplemented his response on March 23, 2006.

**I. Background**

On January 18, 2001, Nauman was sentenced to serve forty years in prison, with twenty suspended, based on his guilty plea to sexually assaulting a twelve-year-old girl. Judgment was entered on March 6, 2001. He did not appeal. *See* Pet. (doc. 4) at 2-3, ¶¶ 1-5; Order at para. 3,

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

*Nauman v. State*, No. DV 03-255(C) (Mont. 11th Jud. Dist. Ct. Sept. 8, 2003).[1]

On May 15, 2003, Nauman filed a petition for postconviction relief in the trial court, contending that the victim was actually born in 1984 and so was 14 at the time of the offense. In refutation of the petition, the State produced the victim's birth certificate, showing a birth date of March 4, 1986. Nauman's petition was denied on September 8, 2003. Order at para. 3, *Nauman*, No. DV 03-255(C).

Thereafter, Nauman filed several actions in the Montana Supreme Court, including an appeal of the trial court's denial of his petition for postconviction relief, *Nauman v. State of Montana*, No. 03-837 (Mont. May 19, 2004). However, except for the postconviction appeal, those actions are not pertinent to the disposition here and will not be described. *See* note 1, *supra*.

On March 29, 2005, Nauman filed a 17-page petition for writ of habeas corpus in this Court. Because it was difficult to follow, he was ordered to resubmit his petition on a form provided by the Court. He set forth forty claims for relief in the Petition he filed on April 25, 2005. Those claims include, but are not limited to, assertions that Nauman was denied parole in violation of the terms of his Judgment and that the victim was 14 years old at the time of the offense of conviction.

On March 6, 2006, United States Magistrate Judge Leif B. Erickson ordered Nauman to file a brief showing why all of his claims, excepting his parole claim, should not be dismissed as untimely under the federal statute of limitations, 28 U.S.C. § 2244(d). Judge Erickson also ordered

---

[1] The Court obtained the latter document from Montlaw, a subscription reporter service. Montlaw was sold to Lexis-Nexis, which has not, to date, incorporated all of Montlaw's databases. The document is no longer available. For that reason, the Court will order the Clerk of Court to enter into the record of this case each of the Montana state court opinions obtained from Montlaw prior to its unfortunate demise.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

Nauman to file a brief showing an excuse for his procedural default of his parole claim in the state courts. *See* Order of Mar. 6, 2006 (doc. 9), at 10, ¶ 1. Nauman responded on March 17, 2006.

Upon Judge Erickson's retirement, the case was referred to the undersigned. *See* Standing Order DWM-42. After reviewing Nauman's response, on September 13, 2006, this Court issued an Order to the State, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, to supplement the record of the case by filing properly authenticated copies of the victim's birth certificate, the Parole Board's case dispositions regarding Nauman, and the criminal Judgment issued against Nauman. The State filed the latter two items on October 12, 2006, and filed the birth certificate under seal on November 6, 2006.

Nauman has filed numerous motions, four of which remain pending. In light of the analysis below, all are moot.

## II. Analysis

### A. Federal Statute of Limitations

As Judge Erickson explained in the Order of March 6, 2006, Nauman failed to comply with the one-year federal statute of limitations. *See* 28 U.S.C. § 2244(d); Order of Mar. 6, 2006, at 3-5. His conviction became final after his time to file a notice of appeal to the Montana Supreme Court expired, that is, on May 7, 2001. Consequently, he should have filed his federal habeas petition on or before May 7, 2002. He filed in this Court on March 29, 2005. While a timely and properly filed state petition for postconviction relief would toll the federal statute of limitations, *see* 28 U.S.C. § 2244(d)(2), Nauman did not file his state postconviction petition until May 15, 2003, more than a year after the federal limitations period ran. Consequently, statutory tolling under subsection (d)(2)

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

does not apply.

Nauman contends that the state court failed to advise him of his right to appeal, so that time should not have run against him. He also asserts that the state court failed to appoint counsel to represent him in postconviction proceedings and failed to comply with state law by rejecting his various petitions. He also alleges that the State lacked proof of the victim's age until it responded to his petition for postconviction relief, that the proof it offered at that time did not comply with the rules of evidence, and that a newspaper article reporting the victim's year of birth as 1984 constitutes "newly discovered evidence."

Setting aside for the moment Nauman's contention regarding the victim's age, none of his other contentions explain his failure to timely file a habeas petition in federal court. There is no indication as to why the trial court's alleged failure to inform Nauman of his right to appeal would have made it impossible for Nauman to file a timely federal habeas petition. The other errors alleged by Nauman occurred after the time his federal habeas petition should have been filed and so could not have caused his untimely federal filing. Therefore, except as regards Nauman's contention regarding the victim's age and his claim regarding parole, all of his claims should be dismissed as time-barred.

**B. Parole Claim**

Judge Erickson also required Nauman to show cause why his claim regarding denial of parole should not be dismissed as procedurally barred. *See* Order of Mar. 6, 2006, at 5-8. Nauman states that the Montana Supreme Court wrongly determined that he had failed to provide the order of the Parole Board about which he complained. *See* Resp. to Order (doc. 10) at 4.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

Regardless of the adequacy of the state procedural bar, the record before the Court shows that

the Parole Board did not violate the terms of the Judgment. The Judgment says:

> To be *eligible* for parole, the Defendant shall participate in any sexual offender treatment program  which is available to him while incarcerated in prison but completion of any phase of such sexual offender treatment program shall not be a requirement for parole *eligibility.*

Judgment (doc. 17-2 at 3-4) (emphasis added).

The Board's denial of parole necessarily means that Nauman was and is *eligible* for parole.

Parole eligibility is not the same thing as admission to parole. The Parole Board is charged with the

heavy responsibility of contemplating early release for inmates who stand convicted of serious

crimes. Consequently, the Board may require whatever it believes to be appropriate to ensure that

Nauman is "able and willing to fulfill the obligations of a law-abiding citizen," Mont. Code Ann.

§ 46-23-201(5), as a precondition to granting him parole. Moreover, the Board's denial of parole

was supported by at least some evidence. *See Biggs v. Terhune*, 334 F.3d 910, 915 (9th Cir. 2003)

(quoting *Jancsek v. Oregon Bd. of Parole*, 833 F.2d 1389, 1390 (9th Cir. 1987)). In addition to

misdemeanor convictions, Nauman was dismissed from treatment in December 2004. *See* Case

Dispositions (doc. 17-2 at 8, 9).[2]

Nauman's claim that he was wrongly denied parole in violation of the terms of his Judgment

---

[2] Nauman contends that he encountered difficulty in sex offender treatment only when he discovered that the victim was 14 years old at the time of the offense. At that point, he asserted that her lack of consent was not established and his conviction was invalid. However, at the time he changed his plea, he admitted that he knew -- or at least believed -- that she was less than 14 years old. Even if she had actually been 25 at the time of the offense, Nauman's *belief* that she was under 14 is relevant in a sex offense treatment program. He had no legally cognizable right to remain in sex offender treatment as a result of the discovery of a possible legal defense to the crime with which he was charged.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5

should be denied on the merits.

### C. Victim's Age

At the heart of several of Nauman's claims is his contention that the State had to prove

lack of consent as an element because the victim was at least 14 years old at the time of the offense.

*See* Mont. Code Ann. § 45-5-502(5)(a) (1999).  Although he admitted, in the course of entering his

guilty plea, that he knew the victim was less than 14 when he assaulted her, he contends that "newly

discovered evidence" indicates that she turned 14 on March 4, 1998.  The incident occurred on or

about August 20, 1998. *See* Order at ¶ 5, *Nauman v. State*, No. DV 03-255(C) (Mont. 11th Jud. Dist.

Ct. Sept. 8, 2003).

The evidence to which Nauman refers is a newspaper report, which indicated that the victim

was 18 years old on January 9, 2003.  His contention, if true, might affect both the application of the

federal statute of limitations and the doctrine of procedural default, as well as the validity of his

guilty plea.  Consequently, the Court ordered the State, pursuant to Rule 4 of the § 2254 Rules, to

file a properly authenticated copy of the victim's birth certificate.  Nauman was also advised that,

if he disputed the correctness of the filed materials, he must explain the basis of his denial and

submit proof in support. *See* Order to Respondent to Supp. Record (doc. 13) at 3.

On November 6, 2006, the State filed, under seal, a valid South Dakota birth certificate,

showing a date of birth of March 4, 1986.  On August 20, 1998, the victim was 12 years old.

Nauman responds that the State's failure to file the birth certificate with its response of

October 12, 2006, and its mistake in its certificates of service as to both the response of October 12

and the response of November 6, 2006, should result in a ruling that he is entitled to relief.  The

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 6

State's errors, however, are technical, not substantive, and they have been corrected. A federal

habeas court may grant relief from a State conviction only where the *conviction* violates federal law.

*See* 28 U.S.C. § 2254(a).  Filing deadlines and certificates of service, however unfortunately

executed, do not render a State conviction invalid. They do not pertain to the conviction at all. The

victim's age at the time of the offense, on the other hand, is relevant. In fact, it is dispositive.

Because the victim was less than 14 years old at the time of the offense, Nauman's guilty plea

was valid and his conviction is valid. There is no reason to proceed further with this case. All

claims regarding the victim's age should be denied on the merits.

## III. Certificate of Appealability

### A. Governing Standards

Pursuant to 28 U.S.C. § 2253(c), "[a] certificate of appealability ['COA'] may issue ... only

if the applicant has made a substantial showing of the denial of a constitutional right." *See Hohn v.*

*United States*, 524 U.S. 236 (1998); *Lambright v. Stewart*, 220 F.3d 1022, 1024 (9th Cir. 2000).

The standard of a "substantial showing" can be satisfied on an issue-by-issue basis. *Lambright*, 220

F.3d at 1024 (citing 28 U.S.C. § 2253(c)(3)).

> [I]n order to make a substantial showing of the denial of a federal right a petitioner
> ... "must demonstrate that the issues are debatable among jurists of reason; that a
> court could resolve the issues [in a different manner]; or that the questions are
> 'adequate to deserve encouragement to proceed further.'"

*Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4

(1983)). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (petitioner "must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable

or wrong."). Thus, a petitioner may obtain a COA even if he does not establish that he will prevail

on the merits. The COA inquiry seeks only to prevent frivolous appeals from wasting judicial resources, while still affording petitioners an opportunity to show potential for merit. *Lambright*, 220 F.3d at 1025. Any doubt as to whether a petitioner has met the standard is resolved in his favor. *Id.*

Where, as here, the district court dismisses a claim on procedural grounds, the court must decide whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Lambright*, 220 F.3d at 1026 (quoting *Slack*, 529 U.S. at 484).

Finally, the COA must indicate which issues satisfy the required showing, 28 U.S.C. § 2253(c)(3), and the Court must "state why a certificate should *not* issue." Fed. R. App. P. 22(b)(1) (emphasis added). The Court need not explain why a certificate *should* issue. *Id.*

### B. Discussion

Nauman was given an opportunity to show why his claims (excepting his parole claim) should not be dismissed for failure to file within the one-year statute of limitations. With the possible exception of his claim regarding the victim's age, none of his explanations show that it was impossible for him to file his petition on time. The evidence before the Court shows that the victim was twelve years old at the time of the offense. There is no merit in Nauman's parole claim because the Board's denial of parole necessarily means that Nauman is eligible for parole. There are no debatable claims in this case. A COA should be denied.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 8

Based on the foregoing, the Court enters the following:

## ORDER

1.  The Clerk of Court shall attach to the Findings and Recommendation copies of the state court decisions in *Nauman v. State*, No. DV 03-255(C) (Mont. 11th Jud. Dist. Court Sept. 8, 2003); *Nauman v. State*, No. 04-204 (Mont. Apr. 6, 2004); *Nauman v. State*, No. 03-837 (Mont. May 19, 2004); *Nauman v. State*, No. 04-762 (Mont. Nov. 30, 2004); *Nauman v. State*, No. 05-132 (Mont. Mar. 22, 2005); *Nauman v. Castle*, No. 05-437 (Mont. Aug. 17, 2005); *Nauman v. State*, No. 05-652 (Mont. Nov. 23, 2005); and *Nauman v. State*, No. 05-731 (Mont. Jan. 11, 2006).

2.  All pending motions (docs. 20, 25, 26) are MOOT.

3.  Any objections to the Findings and Recommendation shall be limited to **ten (10) pages**, including any affidavit of Petitioner but excluding other exhibits, caption, and certificate of service.

The Court also enters the following:

## RECOMMENDATION

1.  Nauman's motion for summary judgment (doc. 19) should be DENIED.

2.  Nauman's claim that he was unlawfully denied parole should be DENIED.

3.  All claims relating to the victim's age or the issue of consent should be DENIED.

4.  All other claims should be DISMISSED WITH PREJUDICE as barred by the one-year federal statute of limitations.

5.  A certificate of appealability should be DENIED. The Clerk should be directed to process the appeal if Nauman files a notice of appeal.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 9

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge on the parties. The parties are advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days[3] after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

Nauman must immediately advise the Court of any change in his mailing address.

DATED this 30th day of April, 2007.

_____
Jeremiah C. Lynch
United States Magistrate Judge

---

[3] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 10