```
                                              FILED
                                           MISSOULA, MT

                                         2007 JUL 12 PM 4 23

                                          PATRICK E. DUFFY
                                        BY _____
                                             DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| BRIAN NAUMAN, | ) | CV 05-43-M-DWM-JCL |
| | ) | CV 07-05-M-DWM-JCL |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| STATE OF MONTANA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner Nauman is a state prisoner proceeding pro se. He is serving a forty-year prison sentence, with twenty years suspended, following his guilty plea to sexually assaulting a twelve-year-old girl. Nauman has filed two Petitions for Writ of Habeas Corpus under 28 U.S.C. § 2254. The Petitions address the same conviction and sentence and so have been consolidated with CV 05-43-M-DWM-JCL as the lead case.

Petitioner lists 40 claims for relief, including claims that he was denied parole in violation of the terms of his sentence and that the victim was in fact 14 years old at the time of the offense. United States Magistrate Judge Leif B. Erickson concluded that all but one of Petitioner's claims were time-barred by the statute of limitations and that the remaining

-1-

claim, which alleges that Petitioner was unlawfully denied parole, was procedurally defaulted. Judge Erickson instructed Petitioner to show cause why his Petition should not be dismissed on those grounds. Doc. No. 9.

United States Magistrate Judge Jeremiah C. Lynch considered Petitioner's response and concluded that Petitioner did not adequately explain his failure to file a timely petition on all claims other than the parole claim and the claim relating to the victim's age. Judge Lynch recommended that all but those two claims be dismissed for failure to comply with the statute of limitations. Judge Lynch then considered Petitioner's parole argument on the merits and determined that Petitioner is entitled to no relief because his state Judgment requires only that he be *eligible* for parole if he participates in sex offender treatment; it does not require that he actually be paroled. Judge Lynch noted that Petitioner received a parole hearing and that parole was denied, which shows that he was parole eligible. On that basis Judge Lynch recommends denial of the parole claim on the merits.

Regarding the victim's age, Judge Lynch recommends denial on the merits because the record in this case now contains a valid South Dakota birth certificate indicating that the victim was twelve years old at the time of the offense. Judge Lynch also recommends denial of a certificate of appealability.

Petitioner did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This

-2-

Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000). I can find no clear error with Judge Lynch's Findings and Recommendations and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED that:

(1) Petitioner's motion for summary judgment (Doc. No. 19) is DENIED;

(2) Petitioner's claim that he was unlawfully denied parole is DENIED;

(3) All claims relating to the victim's age or the issue of consent are DENIED;

(4) All other claims are DISMISSED WITH PREJUDICE as barred by the one-year federal statute of limitations.

(5) A certificate of appealability is DENIED. The Clerk of Court shall process the appeal if one is filed.

DATED this 12th day of July, 2007.

Donald W. Molloy, Chief Judge
United States District Court