FILED
MISSOULA, MT

2007 AUG 29 PM 5 08

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| BRIAN NAUMAN, | ) | CV 05-43-M-DWM-JCL |
| | ) | CV 07-05-M-DWM-JCL |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| STATE OF MONTANA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner Nauman is a state prisoner proceeding pro se. He is serving a forty-year prison sentence, with twenty years suspended, following his guilty plea to sexually assaulting a twelve-year-old girl. Nauman has filed two Petitions for Writ of Habeas Corpus under 28 U.S.C. § 2254. The Petitions address the same conviction and sentence and so have been consolidated with CV 05-43-M-DWM-JCL as the lead case. United States Magistrate Judge Jeremiah C. Lynch has issued Findings and Recommendations dated April 30, 2007 and May 30, 2007, in which he concludes that both Petitions should be dismissed.

Petitioner lists 40 claims for relief, including claims that he was denied parole in violation of the terms of his sentence and that the victim was in fact 14 years old at the time of the

-1-

offense. United States Magistrate Judge Leif B. Erickson concluded that all but one of Petitioner's claims were time-barred by the statute of limitations and that the remaining claim, which alleges that Petitioner was unlawfully denied parole, was procedurally defaulted. Judge Erickson instructed Petitioner to show cause why his first Petition should not be dismissed on those grounds. (Doc. No. 9.)

Judge Lynch considered Petitioner's response and concluded that Petitioner did not adequately explain his failure to file a timely petition on all claims other than the parole claim and the claim relating to the victim's age. Judge Lynch recommended that all but those two claims be dismissed for failure to comply with the statute of limitations. Judge Lynch then considered Petitioner's parole argument on the merits and determined that Petitioner is entitled to no relief because his state Judgment requires only that he be *eligible* for parole if he participates in sex offender treatment; it does not require that he actually be paroled. Judge Lynch noted that Petitioner received a parole hearing and that parole was denied, which shows that he was parole eligible. On that basis Judge Lynch recommends denial of the parole claim on the merits.

Regarding the victim's age, Judge Lynch recommends denial on the merits because the record in this case now contains a valid South Dakota birth certificate indicating that the victim was twelve years old at the time of the offense. Judge Lynch also recommends denial of a certificate of appealability. Judge Lynch

later issued the same recommendations regarding the second Petition.

Petitioner Nauman objected to both recommendations, thereby preserving his right to de novo review of the record. 28 U.S.C. § 636(b)(1).

Nauman raises several issues in his Objections to the April 30, 2007 Findings and Recommendations, dated May 22, 2007 (Doc. No. 30). He objects to Judge Lynch's reliance on the authenticated birth certificate filed by the State on the basis that the certificate is not admissible under the Federal Rules of Evidence. Nauman does not cite a rule under which the document is inadmissible, but complains about the lack of an established chain of custody. Chain of custody is not an issue for a birth certificate, as the hearsay exception in Fed. R. Evid. 803(9) provides for the admissibility of records "in any form" of vital statistics, including births, if the report thereof was made to a public office pursuant to requirements of law." The birth certificate furnished by the State says on its face that it is "a true certification of the official Vital Record filed in the Department of Health as provided in Chapter 34-25 of the SOUTH DAKOTA CODIFIED LAWS." (Doc. No. 27.) The document is admissible.

Nauman's remaining objections go to claims that are time-barred. This includes his claim that he did not admit to knowledge that the victim was less than 14 years of age during the change of plea hearing in state court as well as his various

claims that his plea was not voluntary. Nauman has had several opportunities to show why his claims should not be dismissed as untimely under the statute of limitations, 28 U.S.C. § 2244(d), and has failed to do so. Nor does he offer any compelling basis to excuse the untimely filing of his petitions in his Objections. Upon de novo review of the issues raised in Nauman's Objections dated May 22, 2007, I agree with Judge Lynch's Findings and Recommendations dated April 30, 2007 and adopt them in full.

The Court instructed Nauman to limit his objections to the May 30, 2007 Findings and Recommendations to no more three pages and to confine his arguments to issues addressed in the May 30, 2007 Findings and Recommendations. (Doc. Nos. 31, 36.) Instead, Nauman's second Objection, dated August 3, 2007 (Doc. No. 37), purports to be a response to both the April 30, 2007 and May 30, 2007 Findings and Recommendations, and is a 16-page document. Nauman's arguments in his August 3, 2007 Objection pertain to issues addressed in Judge Lynch's April 30, 2007 Findings and Recommendations and should have been addressed in his Objections to that document. Nauman fails to raise any compelling issues regarding the May 30, 2007 Findings and Recommendations, and upon de novo review of the record, I agree with Judge Lynch's Findings and Recommendations and adopt them in full.

Accordingly, IT IS HEREBY ORDERED:

1. Nauman's motion for summary judgment (Doc. No. 19) is DENIED.

2. Nauman's motion for clarification, rehearing and

appointment of counsel (Doc. No. 34), and his motion for clarification and extension of time (Doc. No. 38) are DENIED as moot.

3. Nauman's claim that he was unlawfully denied parole is DENIED on the merits.

4. All claims relating to the victim's age or the issue of consent are DENIED.

5. All other claims are DISMISSED WITH PREJUDICE as barred by the one-year federal statute of limitations.

6. The Petition in CV 07-05-M-DWM-JCL is DISMISSED WITH PREJUDICE.

7. A certificate of appealability is DENIED. The Clerk is directed to process the appeal if Nauman files a notice of appeal.

DATED this 29th day of August, 2007.

Donald W. Molloy, Chief Judge
United States District Court